IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM N. HACKETT,<br><br>                           Plaintiff,<br><br>     v.<br><br>CONTINENTAL AIR TRANSPORT CO., INC.,<br><br>                          Defendant. | Civil Action No.: 09 C 4878<br><br>Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

William N. Hackett sues his former employer Continental Air Transport Co., Inc. ("Continental") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Hackett alleges Continental fired him because he is 68 years old. Continental moves for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I.    Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The movant must submit a statement of material facts, not to exceed 80 short numbered paragraphs; each paragraph must cite affidavits, the record, and other supporting materials. Local Rule 56.1(a)(3). The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials. Local Rule 56.1(b)(3). Failure to comply with this rule results in admission of the facts. Local Rule

56.1(b)(3)(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). The opposing party may also submit a statement of supplemental material facts, not to exceed 40 short numbered paragraphs, that require summary judgment denial. Local Rule 56.1(b)(3)(c).

Rule 56.1(b)(3) requires more than a general denial to rebut a movant's factual allegations; the movant must cite evidentiary materials justifying the denial. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (Castillo, J.). Hackett repeatedly responds to Continental's statements of facts by disputing all or part of the statement without any support. The court considers Hackett's submissions only to the extent they comply with Rule 56.1's requirements.

## II. Background

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits. Hackett was a shuttle driver for busing company Continental for over 10 years, from June 1997 to December 2007. Def. Facts ¶¶ 4-6. He was responsible for transporting passengers to and from Chicago area hotels and airports. *Id.* ¶ 6. Passengers pay shuttle drivers with prepaid tickets (like cash), cash, credit cards, or vouchers. *Id.* ¶ 10. A prepaid ticket contains an identifying serial number, and states the number of covered passengers. *Id.* ¶ 11. Drivers notify dispatch about discrepancies between prepaid tickets and customer use, such as use of a multiple passenger prepaid ticket for one customer, and document the discrepancy on the ticket and manifest. *Id.* ¶ 12. In addition, drivers document on the manifest the route details, including the number of passengers, the means of payment, and the number of passengers each prepaid ticket covered. *Id.* ¶ 15. At the end of a shift, a driver is required to review the manifest and payments to verify their accuracy, and submit an envelope with the payments and manifest to the dispatcher. *Id.* ¶ 16. The driver and dispatcher are required to sign the envelope after the

2

content's accuracy is verified; the envelope is placed in a safe, and the manifest is submitted to payroll. *Id.* ¶ 18.

Continental hires periodic spotters to act as passengers to check drivers' honesty in handling prepaid tickets and cash. *Id.* ¶ 19. On November 28, 2007, spotter Susan Garvey rode a Continental van. Def. Ex. G: Garvey Aff. ¶ 5 and Ex. A (Report). Garvey paid for her ride with a prepaid three-person group ticket. Def. Ex. E: Moss Nayeb (Continental's General Manager, now Vice-President of Operations) Aff. ¶ 15. After her ride to the airport, Garvey telephoned Nayeb and identified the van number she boarded, described the driver, confirmed she gave the driver the three-person ticket to cover her single fare, and confirmed she completed the requested written report with this information. Garvey Aff. ¶ 4 and Report; Nayeb Aff. ¶ 15; Def. Ex. F: Nayeb Dep. Tr. at 67-68. From the description, Nayeb determined Garvey boarded Hackett's shuttle van. Nayeb Dep. Tr. at 68. Nayeb and Continental's treasurer reviewed Hackett's daily envelope and did not find a prepaid ticket; Hackett's manifest did not reflect receipt of a three-person ticket, and he did not notify dispatch about a discrepancy between a prepaid ticket and customer use. Def. Facts ¶¶ 22, 25.

The three-person ticket was in Hackett's envelope and reflected on his manifest the next day. *Id.* ¶ 26. Nayeb determined Hackett stole two cash fares by substituting one cash fare for Garvey's three-person ticket, retaining the ticket, and substituting the ticket for three cash fares the next day. *Id.* ¶ 27. Following a meeting with Hackett and Continental and union representatives, Hackett was fired. *Id.* ¶ 30.

3

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is warranted only if the pleadings, discovery, and disclosure materials on file, and any affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cracco*, 559 F.3d at 633. Continental has the initial burden of demonstrating it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). If Continental meets its burden, Hackett must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Kramer*, 384 F.3d at 861. The court construes all facts and draws all reasonable inferences in Hackett's favor. *Cracco*, 559 F.3d at 633. A genuine issue of material fact exists if the evidence is sufficient to support a reasonable jury verdict in Hackett's favor. *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001).

### II. Age Discrimination

ADEA prohibits employers from firing workers who are 40 or older on the basis of their age. 29 U.S.C. § 623(a)(1), 631(a). Hackett may prove age discrimination through either the direct or indirect methods of proof. *Martino v. MCI Communications Services, Inc.*, 574 F.3d 447, 452 (7th Cir. 2009). Hackett proceeds under both methods. The direct method requires direct or circumstantial evidence that he was terminated because of his age. *Id.* at 452, 455. A decisionmaker's admission about his discriminatory animus constitutes direct evidence, but discrimination may be established by circumstantial evidence such as suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other

4

employees in the protected group. *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1114 (7th Cir. 2009).

Continental argues it terminated Hackett because he committed theft, not because of his age. Hackett asserts circumstantial direct evidence establishes Continental had a policy and practice of terminating drivers approaching 70 years of age. Hackett cites his and a former co-worker's unsupported attestations regarding the alleged policy and practice. Pl. Ex. C: Hackett Aff. ¶ 3; Pl. Ex. E: Percy Evans Aff. ¶ 5. Unsupported, self-serving allegations are insufficient to create a genuine issue of material fact. *See Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 767 (7th Cir. 2008).

Hackett relies on Continental's Safety Director Mike Zuniga statement to drivers that its insurance company would not insure drivers over the age of 70. Pl. Ex. B: Hackett Dep. Tr. at 183-85; Def. Ex. L: Zuniga Aff. ¶ 2. Hackett does not identify when the statement was made other than a reference to the "past." Zuniga attests he made the statement several years ago; Continental no longer has the policy; Continental's current insurance policy does not exclude drivers of any age. *Id.* In fact, Continental currently employs a 74-year-old driver. Nayeb Aff. ¶ 30. Hackett contends Continental failed to produce the insurance policy during discovery, and should be precluded from introducing Zuniga's "opinion" that the policy covers drivers over the age of 70. *Delta Min. Corp. v. Big Rivers Elec. Corp.*, 18 F.3d 1398, 1402 (7th Cir. 1994) (expert opinion testimony is inadmissible to interpret contract language absent the need to clarify or define terms of art, science, or trade). Zuniga's attestation is not proffered as an interpretation of Continental's insurance policy. Based on his personal knowledge as Continental's Safety Director, Zuniga attests to the fact that Continental no longer has an insurance policy with an

5

age-based exclusion. Zuniga Aff. ¶¶ 1-2. Hackett presents no contradictory evidence, and does not establish a genuine issue of material fact that his termination and Zuniga's statement about the insurance policy were connected. He fails to present direct evidence that he was terminated because of his age.

Under the indirect method of proof, Hackett may establish a *prima facie* case by proving that he is a member of a protected class; his job performance met Continental's legitimate expectations; he suffered an adverse employment action; and Continental treated similarly situated employees under 40 more favorably. *Martino*, 574 F.3d at 453. If Hackett establishes a *prima facie* case, Continental must offer a legitimate, nondiscriminatory reason for the termination. *Id.* If Continental provides such a reason, Hackett must show it is merely a pretext for discrimination. *Id.*

Initially, Hackett contends he is not required to establish that Continental treated similarly situated employees under 40 more favorably; instead, he must only prove Continental hired someone to perform his job after his termination (which Continental undisputably did, Pl. Facts ¶ 11). *Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 845-46 (7th Cir. 2007). In *Pantoja*, the Seventh Circuit explained that requiring a plaintiff to point to a similarly situated comparator could be impossible, particularly if the employer had no other similarly situated employees. *Id.* The record demonstrates Continental employs other shuttle drivers; Continental presents evidence it terminated other shuttle driver for similar instances of theft, including a 35-year-old employee. Def. Facts ¶¶ 32-43. Hackett is not aware of any employees who engaged in theft and were not terminated. *Id.* ¶ 44. Hackett presents no genuine issue of material fact that Continental treated similarly situated employees under 40 more favorably.

6

Continental argues Hackett's job performance did not meet its legitimate expectations, and he was terminated because he committed theft by stealing two cash fares. The legitimate expectations prong of the *prima facie* case and the pretext analysis merge because Hackett contends Continental is lying about the basis for his termination. *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 822-23 (7th Cir. 2006). Hackett disputes he stole the money, and contests the evidentiary support for the charge. He relies on Continental's failure to preserve Garvey's prepaid ticket and his November 28, 2007 shift envelope. Pl. Facts. ¶ 2. In addition, Garvey does not recall receiving the prepaid ticket or any detail about the spotter assignment. Pl. Ex. K: Garvey Decl. Nevertheless, Garvey's contemporaneous report identified the van number she boarded, described the driver, and specified payment with a prepaid ticket. Garvey Aff. ¶ 4 and Report. Nayeb confirmed she gave the driver (whom he determined to be Hackett from the report) the three-person ticket to cover her single fare. Nayeb Aff. ¶ 15; Nayeb Dep. Tr. at 67-68. Hackett characterizes the report and Nayeb's testimony as hearsay. But Continental proffers the evidence to show its reliance on the information in deciding to terminate Hackett, not to prove Hackett committed theft. Fed. R. Evid. 801(c).

Continental's honestly held belief that Hackett stole the cash fare, even if mistaken, does not evidence discrimination. Pretext must be "more than just faulty reasoning or mistaken judgment;" it is a lie – a phony reason. *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 838-39 (7th Cir. 2009). Hackett presents no evidence that Continental lied about firing him for theft. He fails to present a genuine issue of material fact that the stated basis for his termination was a pretext for discrimination. Continental is entitled to summary judgment.

7

## CONCLUSION

Continental's summary judgment motion is granted. Hackett fails to present direct evidence of age discrimination. He fails to establish genuine issues of material fact that his job performance met Continental's legitimate expectations, that Continental treated similarly situated employees under 40 more favorably, or that his termination for theft was a pretext for age discrimination.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 15, 2010